IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DEMETRICE BAIN | § | |
| VS. | § | CIVIL ACTION NO. 1:23-CV-30 |
| WARDEN, USP BEAUMONT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Demetrice Bain, an inmate currently confined at USP Beaumont, proceeding *pro se*, filed what appears to be a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendation for the disposition of the case.

Background

Petitioner filed the above-referenced petition for writ of habeas corpus on January 23, 2023, pursuant to 28 U.S.C. § 2241 (doc. #1). Petitioner argues that pursuant to *United States v. Taylor*, 142 S.Ct. 2015 (2022), his conviction for attempted Hobbs Act robbery under 18 U.S.C. § 924(c) should be vacated. Petitioner contends that § 2255 is inadequate and ineffective to challenge this conviction.

In 2007, Petitioner plead guilt to attempted Hobbs Act robbery (Count Three), possession and brandishing of a firearm in relation to a crime of violence (Count Four), and possession of a firearm by a convicted felon (Count Five) in the Middle District of Florida, Tampa Division, in Case Number 8:06-CR-475-T-26EAJ. Petitioner's conviction in Count Four was predicated on his attempted Hobbs Act robbery conviction in Count Three. Petitioner was sentenced to a total of 262 months' imprisonment, consisting of 178 months' imprisonment on Count Three, 120 months' imprisonment on Count Five, to run concurrently with Count Three, and 84 months' imprisonment

on Count Four, to run consecutive to Counts Three and Five.

In 2014, Petitioner filed his original motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, wherein the district court denied the motion to vacate, set aside, or correct sentence with prejudice as barred by the statute of limitations. Petitioner then brought a successive § 2255 motion in the Eleventh Circuit, arguing that, in light of *United States v. Taylor*, __ U.S. __, 142 S.Ct. 2015 (2022), his conviction for Count Four, under 18 U.S.C. § 924(c), must be vacated because it was predicated on attempted Hobbs Act robbery. The Eleventh Circuit ruled that Petitioner did not satisfy the statutory criteria in § 2255(h), arguing *Taylor* did not announce a new rule of constitutional law. The Eleventh Circuit specifically stated, "[t]he Court's interpretation of a substantive criminal statute, using established rules of statutory construction, cannot announce a new rule of constitutional law under § 2255(h)."

Discussion

Petitioner is not challenging the manner in which his sentence is being executed. Instead, Petitioner is attacking the legality of his conviction. Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. While a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 is the proper method for challenging the manner in which a sentence is being executed, *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992), a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 is normally the proper method for challenging a conviction or sentence itself. *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990). Petitioner has already filed a successive § 2255 motion arguing his conviction should be overturned in light of *Taylor*, which was denied. Petitioner is merely using § 2241 in the present case to re-urge the same legal theories and circumvent the second or successive bar of § 2255. Petitioner's claims has been considered on the merits. Petitioner simply does not like the outcome.

Furthermore, as a petition filed pursuant to § 2241 may not be used merely as a substitute for a motion to vacate filed under § 2255, the burden is on the petitioner to come forward with evidence to show the inadequacy or ineffectiveness of a motion filed under § 2255. *McGee v. Hanberry*, 604

F.2d 9, 10 (5th Cir. 1979). A prisoner may utilize § 2241 as a vehicle for attacking a conviction or sentence if it appears the remedy afforded by § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.[1] A prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does not make § 2255 inadequate or ineffective. *Tolliver v. Dobre*, 211 F.3d at 877.

The United States Court of Appeals for the Fifth Circuit has recognized one circumstance in which a motion to vacate filed under § 2255 is inadequate to test the legality of a prisoner's detention. In *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001), the Fifth Circuit held that a motion to vacate filed under § 2255 was inadequate or ineffective with respect to a claim which: (a) is based on a retroactively applicable decision of the United States Supreme Court which establishes that the petitioner may have been convicted of a nonexistent offense and (b) was foreclosed by established circuit law at the time when the claim should have been raised during petitioner's trial, direct appeal or initial motion to vacate filed under § 2255.

In the present case, Petitioner has not met his burden. As previously stated, Petitioner's claims were considered in his successive § 2255 motion. Petitioner cannot show that § 2255 is inadequate or ineffective.

## Recommendation

The above-styled petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 should be denied.

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

[1]The fifth paragraph of § 2255 provides as follows: (a) "An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate to ineffective to test the legality of his detention."

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 3rd day of February, 2023.

Zack Hawthorn
United States Magistrate Judge