IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DEMETRICE BAIN | § | |
| VS. | § | CIVIL ACTION NO. 1:23-CV-30 |
| WARDEN, USP BEAUMONT | § | |

MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS
AND ADOPTING REPORT AND RECOMMENDATION

Petitioner, Demetrice Bain, an inmate currently confined at USP Beaumont, proceeding *pro se*, filed what appears to be a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends denying this § 2241 petition.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the records, and pleadings [Dkt. 3]. Petitioner filed objections on February 21, 2023 [Dkt. 4]. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

In the present petition, Petitioner argues that pursuant to *United States v. Taylor*, 142 S.Ct. 2015 (2022) ("*Taylor*"), his conviction for attempted Hobbs Act robbery under 18 U.S.C. § 924(c) should be vacated. Petitioner contends that § 2255 is inadequate or ineffective to challenge his conviction. In denying this claim, the magistrate judge noted that Petitioner had already received permission from the Eleventh Circuit to file a successive § 2255 motion to vacate, set aside or correct sentence, and considered and denied his claims under *Taylor*. *United States v. Bain*, Case No. 8:06-CR-475-T-26EAJ. The Eleventh Circuit specifically found that, "[t]he Court's interpretation of a substantive criminal statute, using established rules of statutory construction, cannot announce a new rule of constitutional law under § 2255(h)." *Id*. This Court can find no error in the magistrate judge's determination. As stated by the magistrate judge, Petitioner is attempting

to attack the legality of his conviction in a § 2241 under the *Reyes'-Requena* exception. 243 F.3d 893, 904 (5th Cir. 2001). As Petitioner's present claims have already been considered in a successive § 2255 motion to vacate, set aside, or correct sentence, Petitioner cannot show the inadequacy or ineffectiveness of § 2255. By filing this § 2241, Petitioner is trying to circumvent the restrictions of § 2255 and seek reconsideration of his arguments by a different court. This Court declines to accept that invitation.

## ORDER

Accordingly, Plaintiff's objections are OVERRULED. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is ADOPTED. A Final Judgment will be entered in accordance with the recommendations of the Magistrate Judge.

**SIGNED this 12th day of April, 2023.**

Michael J. Truncale
United States District Judge